UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOE, ET AL                   :
                             :
                             :
v.                           :   CIV. NO. 3:13CV1025 (WWE)
                             :
NEW FAIRFIELD                :
BOARD OF EDUCATION           :

## RULING ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER [DOC. #48]

Plaintiffs Mr. and Mr. Doe, by and for their minor child Jane Doe, move for a protective order to preclude defendant New Fairfield Board of Education from questioning Jane Doe about the details of prior sexual abuse. [Doc. #48].[1] Defendant objects to plaintiffs' motion. [Doc. #52]. For the reasons that follow, plaintiffs' motion for protective order [Doc. #48] is **DENIED**. However, as further set forth below, the Court will fashion conditions to limit any further distress Jane Doe may face as a result of the deposition.

---

[1] Plaintiffs previously sought a protective order in March 2014 on the same grounds [Doc. #21], to which defendants objected. [Doc. #23]. The Court held a telephone status conference concerning the relief requested on April 2, 2014. The parties were ordered to report back pending defendant's receipt of certain medical records and the status of the state criminal matter relating to Jane Doe's sexual abuse (discussed infra). On April 15, 2014, the Court held a follow-up telephone status conference. The Court denied the motion for protective order pending the parties' exchange of further information and an additional status conference. [Doc. #28]. After several more conferences, the parties reached a tentative resolution of the motion for protective order. Specifically, defendant would revisit the issue of Jane Doe's deposition after reviewing the State Attorney's Office's videotaped interview with Jane Doe. Although plaintiffs consented to the release of the video, and the Court ordered its production, Jane Doe's abuser refused to provide his consent to the release. [Doc. #47]. Accordingly, the Court directed plaintiffs to re-file their motion for protective order. [Id.].

1.    **Background**

Plaintiffs bring this action under Title IX of the
Educational Amendments Act of 1972, 20 U.S.C. §§1681-1688,
alleging that the minor plaintiff, Jane Doe, was the subject of
student on student sexual harassment at school, which deprived
her of an equal educational opportunity. [Compl., Doc. #1].
Plaintiffs' seek $2 million in damages [id.], including monetary
damages for emotional distress [Doc. #52-3].

The present dispute warrants a brief review of the
underlying facts. Unless otherwise noted, the Court derives the
following facts from the allegations in the complaint. During
the 2012-2013 school year, Jane Doe ("Jane") was enrolled as a
sixth grader at New Fairfield Middle School. In January 2013,
Jane told her parents that she had been sexually assaulted on
several occasions by a neighbor, who at the time was enrolled as
a ninth grader at New Fairfield High School. Plaintiffs reported
the sexual abuse to the New Fairfield Police Department.[2]

The New Fairfield Middle and High Schools share certain
common areas, including hallways and the cafeteria. On several
occasions, Jane returned from school upset at having encountered
her abuser in these areas. Plaintiffs allege that Jane's
classmates harassed and humiliated her for being the victim of
sexual abuse by an older boy. They also allege that the abuser's
sister, with whom Jane shared a lunch period and social studies
class, told Jane that the abuser "didn't really do anything

---

[2] Jane's abuser was charged with several counts of felony assault and was
convicted in August 2013 as a youthful offender. See Doc. ##48, 52-2.

wrong," and the abuse "wasn't that bad."

2. **Legal Standard**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court[…]"). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including […] that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)(citations and internal quotation marks omitted). "The party resisting discovery bears the burden of showing why discovery should be denied." Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 289 (D. Conn. 2007) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

3.    **Discussion**

Plaintiffs seek to protect Jane from inquiry into the nature and substance of the sexual abuse. Defendant argues that inquiry into the abuse is necessary to establish the extent of Jane's damages and whether Jane was subjected to an actionable sexual harassment at school. Defendant further submits that inquiry into the abuse is necessary to determine the causal relationship, if any, of Jane's emotional injuries and/or loss of educational opportunities, and the alleged sexual harassment she experienced at school.

To establish a claim based on student-on-student sexual harassment under Title IX, a plaintiff must demonstrate that:

> (1) the alleged harassment was so severe, pervasive, and objectively offensive that it deprived the plaintiff of access to the educational opportunities or benefits provided by the school; (2) the funding recipient had actual knowledge of the sexual harassment; and (3) the funding recipient was deliberately indifferent to the harassment.

Doe v. Coventry Bd. of Educ., 630 F. Supp. 2d 226, 232 (D. Conn. 2009) (compiling cases). "Damages are not available for simple acts of teasing and name-calling among students. Rather, damages are available only where the harassment constitutes such severe gender-based mistreatment that it has a systematic effect of denying a victim the equal access to education that Title IX is designed to protect." Id. at 233 (citation omitted).

In support of their motion, plaintiffs rely on two letters, one from Jane's treating psychologist, Victoria Michalek, and one from Rabbi Solomon Acrish, a longtime family-friend, who is also a psychologist. Ms. Michalek's letter, dated March 10,

2014, recommends that Jane, "is not asked any questions about
the sexual abuse during her deposition[…] [Jane's] sexual abuse
lasted over a year impacting the longevity of her recovery. The
timing of these questions will cause an increase in her
symptoms." [Doc. #48-1]. Similarly, in a letter dated March 7,
2014, Rabbi Acrish urged plaintiffs to "strongly oppose" Jane's
deposition and states that, "[Jane] is a child that has
experienced several traumatic events in the last few months, and
to expose her, to what I may assume will be hostile questioning,
is not in her best interests and, will certainly, be detrimental
to her emotional recovery." [Doc. #48-2].

On the current record, the Court finds that defendant
should have an opportunity to inquire into the alleged sexual
abuse in light of the allegations set forth in the complaint. As
defendant correctly argues, this information is relevant to
evaluate the extent of Jane's alleged damages and the cause of
her not wanting to attend school. Defendant is also entitled to
information that sheds light on whether Jane's alleged emotional
damages were the result of the abuse, the harassment at school,
or a combination of both.

Further, the statements of Ms. Michalek and Rabbi Acrish,
both from March 2014, do not establish the good cause required
for imposing a protective order. Indeed, Rabbi Acrish's
statement "assumes" hostile questioning and in conclusory
fashion states this is not in Jane's best interest and will be
"detrimental to her emotional recovery." [Doc. #48-2]. These
statements do not present a "clearly defined, specific and

serious injury" necessary to establish good cause. See In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d at 222. Although Ms. Michalek's letter provides some additional detail of the harm Jane will suffer should defendant inquire into the details of the abuse, her letter implicates the causation of Jane's damages. For example, Ms. Michalek states, "During sessions with [Jane] she reported being bullied by peers at New Fairfield Middle School and re-experienced symptoms of trauma after seeing her perpetrator in school." [Doc. #48-1] (emphasis added). Ms. Michalek also notes that, "It was recommended on March 8, 2013 that New Fairfield Middle School provide [Jane] in-home tutoring to decrease her symptoms which were exacerbated by the bullying and seeing her perpetrator." [Id.].  These statements present issues as to whether Jane's emotional damages were caused in whole or in part by the abuse or the harassment at school. It further implicates the causation of Jane's inability to attend school.

The purported harm Jane will suffer as a result of the deposition is further undermined by her family's statements that she "is more than happy to testify and she wants to testify [at her abuser's criminal trial]," [Doc. #52-1, Depo. Tr. of Mr. Doe, Feb. 27, 2014, 93:11-20], and that, "[Jane] said she was OK with sharing the story," [Doc. #52-2]. Although sympathetic to Jane's position, the Court notes that should this matter proceed to trial, Jane will likely have to testify in open court; something she and her family presumably considered when bringing this lawsuit.

6

Accordingly, for the reasons stated, plaintiffs' motion for protective order [Doc. #48] is DENIED.  Defendant may question Jane as to the factual nature of the sexual abuse. Defendant may not inquire of Jane's past sexual behavior and/or sexual predisposition. Finally, the parties will coordinate Jane's deposition to occur at the courthouse on a date when the Court is available to address objections and/or other concerns. It is the Court's hope that by holding the deposition at the courthouse, it will ameliorate any "hostility" that underlies this type of adversarial proceeding. Finally, in addition to Jane's parents, Jane may have an additional person of trust, such as Rabbi Acrish or Ms. Michalek, attend the deposition.

**4.    Scheduling Order**

In light of the protracted nature of the above discovery dispute, the Court hereby extends the scheduling order as follows:

- January 16, 2015 for the completion of fact discovery and depositions;

- February 16, 2015 for plaintiff to disclose Rule 26(a)(2) material, if using an expert;

- March 9, 2015 for defendant to disclose Rule 26(a)(2) material, if using an expert;

- April 10, 2015 for the completion of expert discovery; and

- May 1, 2015 for the filing of dispositive motions.

The Court will not grant any further extensions of these

deadlines absent a showing of good cause, as defined in District of Connecticut Local Civil Rule 7(b)(2).

**5.   Conclusion**

Accordingly, plaintiffs' motion for protective order [Doc. #48] is **DENIED.**   This is not a Recommended Ruling.   This is a discovery ruling or order reviewable pursuant to the "clearly erroneous" statutory standard of review.   28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(A); and D. Conn. L. Civ. R. 72.2.   As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 18th day of December 2014.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE